

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICHOLAS J. LAROSA and ARCADIO CRUZ,
Individually and in behalf of all other persons
similarly situated,

                Plaintiffs,

    -against-

AAA CARTING AND RUBBISH REMOVAL, INC.;
ANGELO CARTALEMI; PASQUALE CARTALEMI;
and PASQUALE CARTALEMI, JR.; jointly and
severally;

                Defendants.
------------------------------------------------------------X

Case No.: 15-CV-4273(PED)

~~PROPOSED~~ **ORDER**

AND NOW, THIS **30** DAY of **September** 2020, the Court having reviewed the case of *Nicholas J. Larosa, et al., v. AAA Carting and Rubbish Removal, Inc. et al.*, and having considered applicable case law, and for good cause shown, it is **ORDERED, ADJUDGED,** and **DECREED** that:

(Dkt. # 139-1)

1.    The settlement agreement between Plaintiffs, on the one hand, and Defendants, on the other hand ("Collective Settlement"): (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good faith intention by the parties that the Plaintiffs' claims for liability and damages be fully and finally resolved, and not re-litigated in whole or in part at any point in the future. The Collective Settlement is therefore **APPROVED** by the Court.

2.    The Court finds that all plaintiffs are bound by the terms of the Collective Settlement irrespective of their having signed the Collective Settlement.

{01070533.DOCX;2 }

3. Within two weeks of the date of this Order, Plaintiffs' counsel shall send a copy of this Order to those individual plaintiffs who have not signed the Collective Settlement. The portion of the settlement funds allocated to those individual plaintiffs who have not executed the Collective Settlement shall be held in escrow by the Law Office of Justin A. Zeller, P.C., for a period of three years from the date of this Order. During the three-year period, upon Plaintiffs' counsel's receipt of an executed copy of the Collective Settlement from one of the non-signing individual plaintiffs, which executed copy shall be promptly forwarded by Plaintiffs' counsel to Defendants' counsel, Plaintiffs' counsel is authorized to and shall release to that individual plaintiff his allocated portion of the settlement funds. Upon the expiration of the three-year period, any portion of the settlement funds that remain unclaimed by the Plaintiffs shall be designated as unclaimed property pursuant to § 1315 of the New York Abandoned Property Law, and shall be subject to treatment in accordance therewith.

4. The lawsuit and claims of Plaintiffs against Defendants are **DISMISSED WITH PREJUDICE** without fees or costs except as set forth in the Collective Settlement.

LAW OFFICE OF JUSTIN A ZELLER, P.C.

By: *John M. Gurrieri*
Justin A. Zeller
John M. Gurrieri
277 Broadway, Suite 408
New York, New York 10007
Phone: (212) 229-2249
jaz@zellerlegal.com
jmgurrieri@zellerlegal.com
*Attorneys for Plaintiff*

ROBINSON BROG LEINWAND GREEN GENOVESE & GLUCK P.C.

By: /s
Nicholas Caputo
Michael A. Eisenberg
875 Third Avenue, 9th FL
New York, New York 10022
Phone: (212) 603-6300
nrc@robinsonbrog.com
mae@robinsonbrog.com
*Attorneys for Defendants*

Dated: New York, New York

30 day of September, 2020

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE

Clerk shall close the case.